862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FRED MENKE'S CAR STORE, INC., a Maryland Corporation;
Frederick R. Menke, Sr., Plaintiffs-Appellants,
v.
VOLVO OF NORTH AMERICA CORPORATION, a Delaware Corporation
and formerly t/a Volvo of America Corporation,
Defendant-Appellee.
FRED MENKE'S CAR STORE, INC., a Maryland Corporation;
Frederick R. Menke, Sr., Plaintiffs-Appellees,
v.
VOLVO OF NORTH AMERICA CORPORATION, a Delaware Corporation
and formerly t/a Volvo of America Corporation,
Defendant-Appellant.
 Nos. 87-1664, 87-1672.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1988.
 Decided: Nov. 10, 1988.
 
 Roger Charles Simmons (Wendy S. Kearney, Gordon & Simmons, on brief), for appellant.
 Robert L. Green, Jr. (Catherine M. Shea, Howrey & Simon, on brief), for appellee.
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fred R. Menke, Sr., owner and principal officer of Fred Menke's Car Store, Inc., appeals the grant of summary judgment in favor of Volvo of North America Corporation in a civil action arising from the termination of Menke's Annapolis, Maryland, Volvo dealership. Volvo ended its relationship with Menke in July of 1985 after determining that he had altered his business location without permission in contravention of the original franchise agreement. Menke then instituted the instant action alleging that the termination had been in bad faith and in violation of various federal and state statutes including, inter alia, the Federal "Dealers Day in Court Act," 15 U.S.C. Secs. 1221 et seq. and the Maryland "Dealers Day in Court Act, Md.Transp.Code Ann. Secs. 15-201 et seq.
 
 
 2
 After ample discovery, the receipt of written memoranda and presentation of oral argument, the district court granted summary judgment in favor of Volvo. The court reasoned that a Voluntary Termination Agreement ("VTA") reached between Volvo and Menke after Volvo announced its intent to terminate the franchise was valid, enforceable and controlled any assessment of responsibility. The court further concluded that Volvo had complied with the agreement in which Menke had waived any further claims arising from the termination.
 
 
 3
 On appeal, Menke contends that there are material questions of fact regarding the validity of the VTA. Specifically, he argues that there is evidence of bad faith, fraud, duress and lack of consideration that precludes the award of summary judgment based on the agreement. Menke also argues that the district court restricted his ability to establish a material issue by unfairly limiting his discovery. Alternatively, Menke contends that, even assuming the validity of the VTA, there is evidence that Volvo breached the agreement by failing to approve a prospective buyer of the Car Store's franchise.
 
 
 4
 Upon consideration of the record, briefs and oral argument, we conclude that appellant's contentions are meritless. District Judge Harvey conducted a thorough and exhaustive examination of Menke's substantive claims. We find the district court's opinion totally persuasive and affirm the grant of summary judgment for the reasons expressed therein.[1] Fred Menke Car Store, Inc., Fred R. Menke, Sr. v. Volvo North America Corporation, C/A No. H-86-1150 (D.Md. June 15, 1987).[2]
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 We also reject appellant's objections to the district court's limitation of discovery. In light of the extensive discovery conducted by Menke without success, we see no abuse of discretion in the district court's decision to bring the process to an end
 
 
 [2]
 Appellees have, by cross-appeal, challenged the jurisdiction of this Court to consider Menke's appeal contending that the notice of appeal was untimely. During the period preceding oral argument, the panel concluded, however, that jurisdiction was proper and entered an order to that effect. Having made that determination, we do not choose to revisit that issue now